[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 4, 1998, the court held an evidentiary hearing on this limited-contested dissolution action. The court makes the following findings.
The plaintiff, Carol A. Larochelle, and the defendant, Phillip A. Larochelle, were married on June 1, 1978, in Willimantic, Connecticut. The plaintiff has continuously lived in Connecticut during her life and since this action commenced on August 8, 1996. This is the plaintiff's third marriage and the defendant's second. Both parties have adult children from previous marriages.
The plaintiff is fifty-five years old and works as a clerk for a lumber yard. She earns a net wage of around $255 per week. She had worked for her employer for twenty-three years. She is a high school graduate and takes courses at a local community college.
The defendant is sixty-four years old and works as a construction supervisor. His net, weekly wage is around $436. He has worked in the construction field most of his life. He acquired a G.E.D. while in the Navy and has taken courses in business management and human relations.
The parties married twenty years ago, shortly after the plaintiff divorced her second husband. At that time she lived in public housing, and her only asset was $11, 000 received by her as part of that divorce settlement. She used this sum to finance her son's education.
The defendant, on the other hand, owned interests in several properties when the parties married, to wit:
1. Around 100 acres of unimproved land in Scotland, Connecticut, held free of encumbrance and purchased on May 8, 1971.
2. A four-unit apartment complex on Searles Road, Pomfret, Connecticut, purchased on May 9, 1975, for $56,500 and in which the defendant had $20,500 in equity. CT Page 7781
3. Two, eight-unit apartment buildings on Prospect Avenue, Danielson, Connecticut, which the defendant purchased in January 1976 for $81,000 and in which he held $10,000 in equity.
4. A two-family residence on Wolf Den Road, Brooklyn, Connecticut, purchased on April 6, 1976, in which the defendant had $3,000 in equity.
5. Unimproved land on Indian Run, Thompson, Connecticut, which was purchased for $7,900 with no encumbrance.
Between 1978 and 1990, the parties enjoyed marital harmony. In 1991, conflicts arose between them causing the defendant to discuss dissolution proceedings with his attorney. At that time, the plaintiff wished for reconciliation and convinced the defendant to remain married. Despite long efforts to reconcile, the affection between the parties was lost, and, in July 1996, the defendant informed the plaintiff that he was moving out of the marital residence on Wolf Den Road and into the summer home which the parties had built on Indian Run in Thompson. Shortly thereafter, the defendant engaged in a six month affair with a woman who had once dated the plaintiff's son. Discovery of the affair by the plaintiff prompted the present action.
During the marriage both parties contributed to the upkeep of the marital residence on Wolf Den Road, as well as the maintenance of the other real estate owned by the defendant. The plaintiff's wages were usually dedicated to buying the family groceries, the phone bills, and her personal expenses. The defendant's wages typically paid for all of the couple's other expenses and for investments. The defendant was the primary manager of the rental properties. The plaintiff occasionally assisted in cleaning, repairing, and remodeling those properties as well as handling much of the bookkeeping involved. The parties built the summer home on Indian Run, Thompson, Connecticut, and the defendant acquired his remainder interest in property located in Rockwood, Maine, subject to life use by his aunt and uncle, as well as undeveloped realty in Lamoine, Maine, during the marriage. In 1984, the defendant sold the Prospect Avenue, Danielson, Connecticut property and used the proceeds of that sale to acquire land and construct an apartment building on 189 Killingly Road, Pomfret, Connecticut.
Presently, there are sales contracts for the Searles Road and Killingly Road properties in Pomfret. The purchase prices are CT Page 7782 $128,000 and $130,000, respectively. The Killingly Road property is being sold at a $40,000 loss.
The current fair market values and equities for the realty owned by the parties is as follows:
 Location F.M.V. Equity 1. Searles Road, Pomfret $128, 000 $128, 000 2. 189 Killingly Road, Pomfret 130, 000 130, 000 3. Wolf Den Road, Brooklyn 135, 000 135, 000 4. Indian Run, Thompson 145, 000 71, 000 5. Acreage on Killingly Road, Pomfret 30, 000 30, 000 6. Acreage in Scotland 50, 000 50, 000 7. Remainder interest Rockwood, Maine 25, 000 25, 000 8. Lamoine, Maine 50, 000 50, 000
At the time the defendant left the marital home in July 1996, the parties jointly owned shares in a mutual fund managed by Nationwide Financial Services, Inc., which shares had a value of about $27,000. Contemporaneous with his departure, the defendant liquidated these shares without the plaintiff's knowledge or consent and by way of forging her signature. The defendant then dissipated this money by gambling, recreational pursuits, and other extravagances. Also, the defendant liquidated $10,000 worth of certificates of deposit which had been pledged as security for the Lamoine, Maine, property. The defendant paid off the encumbrances on that property with this money but cannot account for $3,900 which exceeded the sum needed to clear title. In addition, the defendant traded in the couple's 1991 Ford van, which was the plaintiff's primary mode of transportation, without her consent, and used the proceeds to purchase a 1996 Chevrolet Blazer for himself.
The court finds that the allegations of the complaint have been proved, and that the marriage has broken down irretrievably. The marriage is hereby dissolved.
After a consideration of the evidence in the case and the factors set forth in G.S. §§ 46b-81 and 46b-82, the court orders the following.
The defendant will quitclaim his interest in 29 Wolf Den Road, Brooklyn, Connecticut, and the property in Lamoine, Maine, to the plaintiff forthwith. The plaintiff will quitclaim her interest in 189 Killingly Road, Pomfret, to the defendant CT Page 7783 forthwith. The defendant must transfer his interest in the BMW vehicle to the plaintiff as soon as practicable.
All of the other personal property listed by the parties on their financial affidavits shall remain property of the party who listed that property with the following exceptions. The defendant is ordered to pay to the plaintiff $75,000 at the time of the closing on the Searles Road, Pomfret, property, but in no event later than six months from the date of this judgment. The defendant shall also pay an additional $75,000 to the plaintiff at the time of the closing of the sale of the Killingly Road, Pomfret, property, but in no event later than six months after the date of this judgment.
The court determines that no alimony is warranted in light of the earning capacity of the parties, the property distribution ordered above, the impending retirement of the defendant, and the other factors set forth in § 46b-82.
Each party will pay the debts listed as their own on their financial affidavits and hold the other harmless thereon.
Sferrazza, J.